# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Deutsche Bank Trust Company Americas, as Trustee and Custodian for Meritage Mortgage Loan Trust 2005-1 by: Saxon Mortgage Services Inc. as its attorney-in-fact** <br> c/o Saxon Mortgage Services, Inc. <br> 4708 Mercantile Drive North <br> Fort Worth, Texas  76137-3605 <br><br> **Plaintiff** <br><br> vs. <br><br> **Laticha Henry** <br> 6922 Ellen Boat Lane <br> Canal Winchester, OH 43110 <br><br> **Unknown Spouse, if any, of Laticha Henry** <br> 6922 Ellen Boat Lane <br> Canal Winchester, OH 43110 <br><br> **Central Ohio Credit Corporation** <br> c/o Ricart Financial Services, Inc., <br> Statutory Agent <br> 2040 Brice Road <br> Suite 200 <br> Reynoldsburg, OH 43068 <br><br> **Defendants.** | **Case No.** _____ <br><br> **Judge** _____ <br><br> <u>**COMPLAINT FOR FORECLOSURE**</u> |

**Jurisdiction and Venue**

1.  Jurisdiction is founded on 28 U.S.C. Section 1332(a)(1). The citizenship of the parties is diverse and the amount in controversy exceeds the jurisdictional requirement. Plaintiff is a New York corporation, with its principal place of business in New York County, New

York. None of the defendants is a citizen of New York. Venue is proper in the Southern District of Ohio, Eastern Division as the real property which is the subject of this action is located in this district.

**Background**

2. Laticha Henry executed the promissory note attached to this Complaint as Exhibit A (the "Note").

3. Attached hereto as Exhibit B is a validly executed mortgage (the "Mortgage") that was executed in connection with the execution of the Note. The parties to the Mortgage intended that it attach to the entire fee simple interest in the property.

4. The Note is in default because payments required to be made under the terms of the Note and Mortgage have not been made. As a result, covenants in the Mortgage have not been performed. Notice of default was given to the borrowers under the terms of the Note, and the Note was properly accelerated. A written notice was sent to the borrowers at the property address, or their last known address, informing them that they are in default under the Note and that if they do not pay the overdue amount by a certain date they will be required to pay the full amount of unpaid principal plus all interest on the unpaid principal plus costs and expenses. The deadline for the payment of the overdue amount passed without payment being made.

5. The Mortgage was filed December 9, 2004, recorded at Official Instrument Number 200412090279753, Recorder's Office, Franklin County, Ohio.

6. The Mortgage conveys to Plaintiff an interest in the following property (the "Property"):

> Situated in the State of Ohio, County of Franklin, and in the City of Columbus: Being Lot Number Two Hundred Thirty (230), in Lehman Estates Subdivision, Section 4, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 101, Page 70, Recorder's Office, Franklin County, Ohio.

7. A title examination reveals that the other persons named as defendants in this action may also have or claim an interest in the Property. The Title Commitment attached to this Complaint as Exhibit C explains why these defendants may have or claim an interest in the Property.

**COUNT ONE**

8. Plaintiff incorporates each of the preceding allegations into Count One by reference.

9. Plaintiff is the owner and holder of the Note.

10. The personal obligations of Laticha Henry on the Note have been discharged under the United States Bankruptcy Code. As a result, Plaintiff is not seeking a personal judgment against the foregoing but is seeking instead only to enforce its security interest. Because the Note has been accelerated and is in default, Plaintiff is entitled to recover from the sale of the Property the principal in the amount of $143,096.24, plus interest on the outstanding principal balance at the rate of 11.875% per annum from January 1, 2007, plus late charges, plus advances made for the payment of taxes, assessments, insurance premiums, or costs incurred for the protection of the mortgaged premises under Section 5301.233 of the Ohio Revised Code.

**COUNT TWO**

11. Plaintiff incorporates each of the preceding allegations into Count Two by reference.

12. The Mortgage is a valid and subsisting first lien on the Property, subject only to any lien that may be held by the County Treasurer.

13. Plaintiff is the owner and holder of the Mortgage and is entitled to foreclose the Mortgage.

## PRAYER FOR RELIEF

14. Plaintiff prays for the following relief:

- a finding of default in the amount of $143,096.24, plus interest on outstanding principal balance due at the rate of 11.875% per annum from January 1, 2007, plus late charges, plus advances made for the payment of taxes, assessments, insurance premiums, or costs incurred for the protection of the mortgaged premises under Section 5301.233 of the Ohio Revised Code;

- a finding that the Mortgage is a valid and subsisting first lien on the Property, subject only to any lien that may be held by the County Treasurer;

- an order (1) foreclosing the equity of redemption and dower of all defendants named in this action, (2) requiring that the Property be sold free and clear of all liens, interests, and dower, (3) requiring all defendants to set up their liens or interest in the Property or be forever barred from asserting such liens or interests, (4) requiring that the proceeds of the sale of the Property be applied to pay all amounts due Plaintiff under the Note, and (5) granting Plaintiff all other relief, legal and equitable, as may be proper and necessary, including, for example, a writ of possession.

Respectfully submitted,

 /s/  Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH  43216-5028
Telephone: 614-222-4921
Fax:  614-220-5613
Email: klw-f@mdk-llc.com
Attorney for Plaintiff